OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JEFFERSON

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JEFFERSON
2023 OK 36
527 P.3d 722
Case Number: SCBD-7184
Decided: 04/03/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 36, 527 P.3d 722

 
 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION Complainant,
v.
WILLIAM SHAWN JEFFERSON, Respondent.

ORDER APPROVING RESIGNATION

¶1 On March 23, 2023, the Oklahoma Bar Association (Bar Association), notified the Court that the respondent, William Shawn Jefferson (Attorney/respondent), resigned from the Oklahoma Bar Association pending disciplinary proceedings. The disciplinary proceedings relate to six counts of alleged ethical violations of the Rules of Professional Conduct, 5 O.S. 2011, Ch. 1, app. 3-A, that he failed to: diligently represent clients; appear at court hearings; adequately communicate with clients and the Bar Association; account for and/or refund unearned fees; and perform work for fees he charged; and cooperate with the Bar Association's investigation or respond regarding the clients' complaints.[1]

¶2 THE COURT FINDS:

1. The respondent has voluntarily resigned from the Oklahoma Bar Association by complying with Rule 8.1 and Rule 8.2, Rules Governing Disciplinary Proceedings, 5 O.S. 2021 Ch. 1, App. 1-A. The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

2. The respondent states that he is aware of the Complaint filed in this case on December 13, 2021, which contains five grievances against him.

3. The respondent states in his affidavit of resignation that he is aware that the allegations of conduct, if proven, would be a violation of Rules 1.3, 1.4, 1.5, 1.15, 8.4(a) and 8.4(d) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2021, Ch. 1, App. 3-A and Rules 1.3 and 5.2 of the Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S. 2021 Ch. 1, App. 1-A and of his oath as an attorney.

4. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2021, Ch. 1, App. 1-A and it should be approved.

5. The official roster address of the respondent as shown by the Oklahoma Bar Association is:15209 Grayson Drive, Edmond OK 73013.

6. The Bar Association has incurred $28.00 in costs and is seeking reimbursement.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that William Shawn Jefferson's resignation pending discipline be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that William Shawn Jefferson's name be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2021, Ch. 1, App. 1-A, the respondent shall notify all of his clients having legal business pending with him within 20 days by certified mail of his inability to represent them and of the necessity for promptly retaining new counsel. Costs of $28.00 are imposed in this proceeding.

DONE BY ORDER OF THE SUPREME COURT THIS 3rd DAY OF APRIL 2023.

/S/ACTING CHIEF JUSTICE

ALL JUSTICES CONCUR

FOOTNOTES

[1] Rule 1.3 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

Rule 1.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides:

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Rule 1.5 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides in pertinent part:

(a) A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. . .

Rule 1.15 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides in pertinent part:

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

Rule 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011 Ch. 1, App. 3-A provides:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA